Jacob J. SchwartzwaijD, J.
Proceeding to review the determination of respondent denying decontrol.
Petitioner filed an application under section 54 of the State Bent and Eviction Regulations, which authorizes the Rent Administrator to issue a certificate of eviction where the requested removal or eviction is not inconsistent with the purposes of the rent control laws or the rent regulations, and would not be likely to result in the circumvention or evasion thereof. The basis for the application was that the tenant had rented a five-room furnished apartment in the subject six-family house; that the landlord occupied two rooms therein for a limited time and that upon landlord’s removal from the two rooms the tenant refused to occupy the entire apartment; that it was not legally possible to rent the two rooms separately ; that the landlord had been fined for a building violation in that said two rooms had been occupied by another party, and that it was an unjust hardship on the landlord to be compelled to rent only three rooms of a five-room apartment.
The local rent administrator granted the application and fixed the maximum rent for the five-room apartment. The issuance of the certificate, however, was upon certain conditions, ■ one of which was that the landlord offer the tenant a two-year lease of the five-room apartment at the rent fixed and make available to the tenant the furniture therefor. The landlord filed a protest upon the ground, not previously raised, that the subject apartment had been rented after April 1, 1953 and since it had been previously continuously owner occupied for a period of one year prior to the date of renting to the present tenant, said apartment was decontrolled under subdivision 11 of section 9 of the regulations. The protest was denied, respondent finding that the landlord had been granted the relief sought for in the application filed. However, the administrator also considered the landlord’s claim of decontrol and found, as a fact, that the apartment had not been previously continuously owner occupied for a year prior to the date of renting, denied decontrol, and dismissed the protest.
Whether or not petitioner qualified for the granting of an application of decontrol under subdivision 11 of section 9 of the regulations was a factual issue to be determined by respondent and it may not be said on this record that respondent’s determination was either arbitrary, capricious or contrary to law. The petition is dismissed.
Settle order.